WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—November, 1884.

MATTER OF VALENTINE.

*In the matter of the estate of* ABRAHAM VALENTINE, *deceased.*

Under L. 1882, ch. 185, entitled "an act in relation to trustees of personal estates," and L. 1884, ch. 408, re-enacting Code Civ. Pro., § 2818, the Supreme Court and Surrogates' courts have concurrent jurisdiction over the appointment of a successor to a deceased sole testamentary trustee.

Where application for such an appointment is made to a Surrogate's court, a notice of eight days may properly be given to all the beneficiaries of the trust; but the executor of a will of the deceased trustee is not a proper party to the proceeding.

A PETITION was presented by Jane Valentine, from which it appeared that, by the will of Abraham Valentine, deceased, certain trusts were created; that Samuel M. Valentine, who was sole trustee named in said will, had died leaving certain of said trusts unexecuted; and praying for the appointment of a trustee in his place, as to one of the trusts. Only the persons interested in that trust were thereupon cited. On the return day of the citation, it was objected that the trustee to be appointed should be trustee of all the unexecuted trusts, and that the persons interested in certain other trusts should also have been cited in the proceeding. This objection was made on behalf of the executors of the deceased trustee, and also on behalf of persons claiming to be assignees of the interest of Charles E. Valentine, one of the beneficiaries of one of the trusts.

WM. G. VALENTINE, *for petitioner.*

MORRIS S. THOMPSON, *for executors of S. M. Valentine, dec'd.*

THOS. M. WHEELER, *for assignees of Chas. E. Valentine.*

THE SURROGATE.—Formerly, and prior to the Code of 1880, the Supreme Court had exclusive jurisdiction over the subject of the removal and appointment of trustees; but by that Code, § 2818, power was conferred upon Surrogates to appoint a successor where a sole testamentary trustee dies, becomes a lunatic,

has been removed, or been allowed to resign. This, in terms, covers the cases of all trusts, whether express or otherwise. By § 68, 1 R. S., 730, it was provided that, where the surviving trustee of an express trust died, the trust should not descend to his heirs, nor pass to his personal representatives, but that the trust, if then unexecuted, should vest in the Court of Chancery, to be executed by some person to be appointed for that purpose. After the Code went into effect, and in 1882 (ch. 185, p. 223), the legislature passed an act, the title of which is "An act in relation to trustees of personal estates." With a slight alteration and addition, that act is a transcript of § 68 of the R. S. It provides that, "upon the death of a surviving trustee of an express trust, the trust estate shall not descend to his *next of kin* or personal representatives, but the trust, if unexecuted, shall vest in the Supreme Court," and shall be executed by some person appointed for that purpose, under the direction of the court. I take it that the term "express trust" means such an express trust as is authorized to be created by § 55 of the statute of Uses and Trusts. There is nothing in the body of the act of 1882 to indicate that a trust of personal property was the subject of the enactment, except the substitution, in that act, of the words "next of kin," in place of the word "heirs," in § 68. Without stopping to consider whether personal property can be regarded as the subject of what is known in law as an express trust, or only of a power in trust, I simply desire to call attention to the fact that a legislative attempt has been made to cause the trust, as to

both species of property, to vest, in case of the death of a sole trustee, in the Supreme Court, and to be executed by some person to be appointed by that court. It would seem, therefore, but for what follows, that the Supreme Court had exclusive jurisdiction over the matter. But again, in 1884 (ch. 408, p. 486) said § 2818 of the Code was re-enacted, with certain amendments. None of these various provisions are expressly repealed, and as repeal by implication is not favored, I must hold that this court has power, concurrent with the Supreme Court, to appoint a successor to a deceased sole trustee.

I had occasion, in the case of Tompkins v. Moseman (5 *Redf.*, 402), to point out that the section failed to prescribe the mode of procedure for the appointment of a new trustee, where the sole trustee died or became a lunatic, and to hold, that in such a case, the practice of the late Court of Chancery should be followed, which was largely discretionary as to the persons who should have notice of the application. But since the act of 1882, above referred to, provides that "no person shall be appointed to execute said trust until the beneficiary thereof shall be brought into court by such notice and in such manner as the court may direct," it may be well, although the act is not, in terms, made applicable here, to give a notice of at least eight days to all beneficiaries. It will be observed that the last named act provides only for the bringing into court of the beneficiary of the trust, and not of any person interested in the remainder, nor of any assignees of the beneficiary; but as, in this case, the latter are here by counsel, I will receive

any suggestion as to the person proposed as the successor to the deceased trustee, which may be made in their behalf.

The executors of the will of the deceased trustee are not proper parties to this proceeding.